Swing, J.
The entry made by the probate court on February 6, 1891, was a final judgment as to all matters therein found and determined, and upon its face it purports to be final as to all matters under consideration, nothing being left for the further consideration of the court. From this order error or an appeal could have been taken to the common pleas. On March 2, 1891, the building association filed what is denominated, “Motion of Exposition Loan & Building Association to reconsider decree.” It is as follows:
“Now comes the Exposition Loan & Building Association and excepts to the findings of the court in the decree herein so far as it relates to payment cf taxes, costs, fees, commissions, etc., and moves that said decree upon said findings be reconsidered, and upon hearing said decree, so far as it relates to said items of distribution, be vacated and set aside.”
Afterwards, to-wit, on May 28, 1891, the probate court, upon the hearing of said motion, granted said motion, and did render a decree setting aside its decree of February 6, 1891, as to certain parts thereof, and proceeded to render another decree as to said parts. In doing this we think the court erred.
Wilson & Herrlinger, and Ramsey, Maxwell & Ramsey, for Plaintiff.
Jacob R. McGa,rry and A. H. Bode, Contra.
It is claimed that the probate court, in its administration of estates, has control over its docket and journals, and may make such orders from time to. time as seems to it proper; and that while the probate court has, under section 5365, three terms of four months each in each year, still, as to the administering of estates, the provision as to terms has no application.
But the judgment of the court of February 6,1891, purports to be an adversary proceeding upon a petition and several answers and cross-petitions, upon which, together with proofs and exhibits, a hearing was had, and of which said judgment was the result.
We know of no power of the probate court or any othexcourt to say that it may set aside its“properly made and returned decrees and judgments, ’’except in the manner prescribed by the statutes.
Of course all courts have the control ovef their journals ahd dockets so that they may at all times see that they “speak the truth.as to what the court has done; but when a matter has been controverted and the court has decided the question, and the judgment of court has been correctly placed on the journal, it is final as to the power of the court to change, except as pointed out by the statute;.and as to this the statute has made ample provision. Section 5305 has provided for what causes a decision may be vacated and new trial granted; but section 5307 provides when application must be made, and section 5354 et seq, provide when and how courts may vacate and modify their judgments after the term. And these provisions are applicable to the probate court.
The motion in this case did not come under any of the reasons given in the above sections — in fact no reason was given why the dpcree should be set aside. It simply asked that the decree be reconsidered and set aside, and this was made nearly a month after the final judgment of the court had been rendered. The action of the court was without authority of law, and this having been the judgment of the court of common pleas, said judgment is hereby affirmed.